UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MURPHY, | ) | |
| | ) | Case No.: 1:21-cv-00088 |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| CAPITAL ACCOUNTS, LLC, | ) | **COMPLAINT** |
| | ) | JURY DEMAND ENDORSED HEREON |
| Defendant. | ) | |

Plaintiff, William Murphy, for his Complaint against Capital Accounts, LLC ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful debt collection practices as more fully described in this Complaint, *infra*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

PARTIES

4. Plaintiff, William Murphy ("Murphy"), is a natural adult person residing in Evanston, Illinois, and is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

5. Defendant, Capital Accounts, LLC, is a Tennessee limited liability company in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6. Upon information and belief, Defendant is not currently registered to do business in the State of Illinois. *See* Illinois Secretary of State website at https://apps.ilsos.gov/corporatellc/.

7. In its correspondences to consumers and on its website, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, members, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. As Murphy was reviewing his credit reports, he discovered an entry bearing Defendant's name reporting a consumer medical debt originally incurred to *Dr. Mark Sawyer* in an active collection status (the "Debt"). Relevant pages from Murphy's Experian credit report, dated December 15, 2020, are attached to this Complaint as Exhibit A.

11. Murphy also discovered that Defendant had updated its furnishing of the Debt to Experian as recently as December 1, 2020. *See* Exhibit A.

12. On December 15, 2020, Murphy accessed Defendant's website to ascertain additional information concerning the collection account appearing in his credit report and the Debt

Defendant was attempting to collect from him. Screenshots of Defendant's webpages accessed by Murphy are attached to this Complaint as Exhibit B (the "Payment Portal").

13. During Murphy's access to the Payment Portal, Defendant identified itself to Murphy as a "debt collector" attempting to collect a "debt." *See* Exhibit B.

14. During Murphy's access to the Payment Portal, Defendant attempted to collect the Debt from Murphy. *See* Exhibit B.

15. During Murphy's access to the Payment Portal, Defendant stated, in relevant part:

> "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection."

*See* Exhibit B.

16. Defendant's representations to Murphy via its Payment Portal – as cited in paragraph 15, *supra* – were false, deceptive and/or misleading to the extent they created a false sense of urgency in Murphy that he must act quickly to avoid further assessment of "interest, late charges, and other charges" in connection with this account.

17. Upon information and belief, as of December 15, 2020, the date that Murphy accessed the Payment Portal, Defendant was not entitled to collect any "interest", "late charges" and/or "other charges" from Murphy in addition to the $131.36 balance alleged to be owed in connection with the Debt on the Payment Portal.

18. Confused and concerned upon reviewing the Payment Portal, Murphy spoke to his attorneys for assistance and clarification regarding his rights.

19. After a reasonable time to conduct discovery, Murphy believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

20. In conjunction with Defendant's adverse credit reporting concerning the Debt, Murphy was confused and misled by Defendant's Payment Portal.

21. Murphy justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using deceptive, unfair and unlawful means, and ultimately cause him unwarranted economic harm.

22. Due to Defendant's conduct, Murphy was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23. Due to Defendant's conduct, Murphy is entitled to statutory damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint, *supra*.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5), e(10), f and f(1)*

24. All prior paragraphs are incorporated into this count by reference.

25. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of

>any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*See* 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5) and e(10).

>A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*See* 15 U.S.C. §§ 1692f and f(1).

26. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5), e(10), f and f(1) by creating a false sense of urgency in Plaintiff by representing on the Payment Portal that it was entitled to collect "interest", "late charges" and "other charges" in connection with the Debt without contractual and/or statutory authorization to do so, and without any intention of doing so. In doing so, Defendant used false, deceptive and/or misleading representations and/or unfair means in connection with its efforts to collect the Debt from Plaintiff.

27. As an experienced debt collector, Defendant knows that its representations to a consumer-debtor are required to be truthful, complete and accurate, and disclosed without having the effect of misleading and/or deceiving an unsophisticated consumer-debtor.

28. As set forth in paragraphs 20 through 23, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as outlined in this Complaint.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, William Murphy, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

b) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 7th day of January, 2021.      Respectfully Submitted,

                                             */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, William Murphy*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                             */s/ Geoff B. McCarrell*
Geoff B. McCarrell (OH #0086427)
CONSUMER LAW PARTNERS, LLC